**Astrit DAKU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–0338–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Charles Christophe, Christophe and Associates, P.C., New York, New York, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, R. Emery Clark, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

Present: Hon. Jon O. NEWMAN, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Astrit Daku, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") opinion denying his application for asylum. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA fully adopts the IJ's decision or issues a so-called "affirmance without opinion," we review only the IJ's decision. *Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

Here, substantial evidence supports the IJ's finding that Daku's testimony was incredible. The IJ noted that Daku testified that he was in Greece for "two or three months" until the police apprehended and deported him back to Albania, but in his written statement he claimed that he was in Greece for "five or six months" until he returned on his own accord. The IJ also properly analyzed, then rejected as incredible, Daku's attempt to explain the discrepancy. The IJ further noted that Daku testified, that in September 1998, his father participated in a demonstration in Albania for which he was arrested, detained and beaten by the police. However, Daku's written application states that the police simply approached his father, asked him whether he had participated in the demonstration, then left without incident.

These two significant inconsistencies constitute cogent reasons for a finding of adverse credibility that bear a legitimate nexus to Daku's overall claim. Additionally, other than his incredible testimony, Daku has provided little evidence to support his claim. Accordingly, Daku has failed to establish eligibility for asylum, withholding of removal or relief under the CAT. For the foregoing reasons, Daku's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).